Christopher C. McGrath, S.
In this proceeding to judicially settle the account of the executor and trustee, the following portions of the testator’s will require construction:
“ 3. All the rest, residue and remainder of my estate, both real and personal, of whatsoever kind and nature, and of or to which I may die seized, possessed or entitled, I give, devise and bequeath to the trustees hereinafter named in trust, nevertheless, to invest and keep the same invested and to pay to or to apply the net income realized therefrom to the use of my wife, molly brandstein, during her life, and upon her decease to pay over and transfer one-fifth of my estate to my beloved son, Joseph s. brandstein, one-fifth of my estate to my beloved son, philip brandstein, one-fifth of my estate to my beloved son, Robert brandstein, one-fifth of my estate to my beloved son, Raymond brandstein, and one-fifth of my estate to my beloved daughter, sarah rosen. * * *
“ 5. In the event of the death of any of my beloved children above mentioned without leaving any issue, the share of such deceased child shall be equally divided amongst my children then surviving.
“6. It is my intention that the issue of any deceased child shall receive the same amount as would have been bequeathed to such child, if living.”
At the time of his death, the testator was survived by his widow and the five children named in paragraph “ 3.”
The testator’s widow, the income beneficiary of the trust, died on February 20, 1956. Raymond predeceased the widow leaving two children. Joseph predeceased the widow leaving an adopted daughter. The court is asked to determine the disposition to be made of the shares of Raymond and Joseph in the corpus of the trust.
The designation of the testator’s children as remaindermen was qualified by a substitutional gift to issue. The direction *950 to “ pay over and transfer ” the remainder on the death of the life beneficiary did not prevent a vesting in his children at the testator’s death but such vesting was not absolute and was defeasible by the death of any one of the named remaindermen before the time for distribution (Matter of Bigelow, 285 App. Div. 1072, affd. 309 N. Y. 884; Matter of Brand, 60 N. Y. S. 2d 512).
Accordingly, the share of Raymond was divested upon his death prior to the termination of the trust and vested in his issue.
The question as to whether or not the share of Joseph, similarly divested, vested in his adopted child as his issue (Matter of Upjohn, 304 N. Y. 366), will be set down for a hearing on November 18, 1957 at 10:00 a.m.
Proceed accordingly.